John H. Adams, Jr., Bar No. 253341
jhadams@littler.com
Fay K. Saechao, Bar No. 320597
fsaechao@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California 95814
Telephone:   916.830.7200
Fax No.:       916.561.0828

Attorneys for Defendant
DNV ENERGY USA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| TIMOTHY TOWNSEND,<br><br>                  Plaintiff,<br><br>          v.<br><br>DNV ENERGY USA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>                  Defendants. | Case No. TBD<br><br>*[Removed from Yolo Superior Court Case No. CV2023-1511]*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Trial Date: Not Yet Set |

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441

CASE NO. TBD

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF TIMOTHY TOWNSEND, AND TO PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant DNV ENERGY USA, INC. ("Defendant" or "DNV"), hereby removes to this Court the above-captioned action from the Superior Court of the State California, County of Yolo, to the United States District Court, Eastern District of California. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendant alleges:

**I.      STATEMENT OF JURISDICTION.**

1.      This Court has original jurisdiction over this civil action under 28 U.S.C. §1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff Timothy Townsend ("Plaintiff") was a citizen of the State of California at all relevant times of the controversy, and Defendant is a Delaware corporation with its principal place of business in the State of Texas.  The amount in controversy in this action exceeds $75,000.00.

**II.     PROCEDURAL HISTORY.**

2.      On or about July 21, 2023, Plaintiff filed a Complaint ("Complaint") against DNV and various Doe defendants in the Superior Court of the State of California, Yolo County, Case No. CV2023-1511("State Court Action").

3.      Plaintiff's Complaint alleges a single cause of action for alleged violation of California's Labor Code § 1102.5.

4.      On July 26, 2023, Defendant was served with a Notice and Acknowledgment of Receipt-Civil and the Complaint, along with copies of the Summons and Civil Case Cover Sheet. A true and correct copy of Plaintiff's Complaint served via the Notice and Acknowledgement of Receipt-Civil is attached as Exhibit A, and the executed Notice and Acknowledgement of Receipt-Civil, Summons, and Civil Case Cover Sheet served upon Defendant is attached as Exhibit B to the Declaration of John H. Adams, Jr. ("Adams Decl.") In Support of Defendant's Notice of Removal, filed concurrently herewith. Adams Decl. ¶ 2, Exhs. A, B. Defendant then executed and returned

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441                2.                CASE NO. TBD

the Notice of Acknowledgment and Receipt, thereby effectuating service of the Summons and Complaint, on August 15, 2023. *See* Adams Decl., Exh. B.

5. Defendant timely filed its Answer to Plaintiff's Complaint ("Answer") on September 14, 2023, in Yolo County Superior Court. Adams Decl., ¶ 2, Exh. C.

6. Exhibits A, B, and C to the Adams Declaration constitute all process and pleadings in the State Court Action. *Id*., ¶ 4.

## III. TIMELINESS OF REMOVAL.

7. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint). Removal of this action is timely because this Notice of Removal has been filed within 30 days from August 15, 2023, when Defendant signed and returned the Notice and Acknowledgement of Receipt. 28 U.S.C. § 1446(b). Adams Decl., ¶ 2.

## IV. DIVERSITY JURISDICTION PURSUANT TO SECTION 1332 EXISTS

8. The diversity of citizenship statue, 28 U.S.C. § 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . .

9. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A. Diversity of Citizenship Requirement is Met.

10. Plaintiff's Complaint alleges he was a citizen of California at all relevant times of the controversy. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. SECTION 1441

3.

CASE NO. TBD

domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he was a resident of Yolo County in the State of California during his employment with Defendant, and California is where Plaintiff performed his job duties. Adams Decl., Exh. A, Compl., ¶¶ 1, 10. He is therefore a citizen of the State of California for diversity purposes. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency creates a rebuttable presumption of domicile supporting diversity of citizenship).

11. DNV is a citizen of Delaware and Texas. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). DNV is a privately held Delaware corporation. DNV has its corporate headquarters and principal place of business located in Katy, Texas. *Id*. 28 U.S.C. §1441(b). Additionally, Plaintiff's Complaint alleges that DNV is a Delaware corporation with its principal place of business located in the State of Texas. Adams Decl., Exh. A, Compl., ¶ 2. Accordingly, DNV was not a citizen of the State of California at the time the State Court Action was filed and is not a citizen of the State of California now.

12. Plaintiff's Complaint also names as defendants "Does 1-100, inclusive." *See* Adams Decl., Exh. A, Compl., ¶ 5. However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to DNV's knowledge, no fictitious defendant has been served; thus, none need to join in the Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

### B.    Amount in Controversy Requirement is Met.

13. The amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

14. In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return[ ] a verdict for the plaintiff on all claims made

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441                4.                CASE NO. TBD

in the complaint." *Kenneth Rothschild Trust, Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendant will actually owe if Plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

15. The Supreme Court has affirmed that a Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014) (citing 28 U. S. C. §1446(a)). Moreover, Defendant need not submit evidence to support its Notice of Removal. *Id.* at 553. Defendant needs only to plausibly allege the amount in controversy exceeds $75,000. *Id.* ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Nevertheless, out of an abundance of caution, DNV provides greater detail, *infra*, that confirms the amount in controversy placed at issue by Plaintiff in the State Court Action exceeds $75,000.

16. By demonstrating the amount in controversy placed at issue by Plaintiff exceeds the $75,000 threshold, DNV does not in any way concede the validity of Plaintiff's claims, the legal bases for the damages calculations, or the likelihood Plaintiff will recover anything. For purposes of removal only, and without conceding Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations clearly place a sufficient amount in controversy, as detailed below.

17. Additionally, if a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996). In an action by a single plaintiff against a single defendant, all claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. v. Twin Harbors Lumber Co.,* 465 F.2d 489, 491(9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Defense counsel's testimony itemizing the bases for plaintiff's damages claims is sufficient to establish the jurisdictional minimum for diversity

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441          5.          CASE NO. TBD

jurisdiction. *Gafford v. General Electric Co.,* 997 F.2d 150, 160-161 (6th Cir. 1993), *abrogated on other grounds by* 559 U.S. 77 (2010).

18.     Economic damages, non-economic damages, general damages, attorneys' fees and costs and punitive damages are all included in determining the amount in controversy. *See Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute).  The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases.  *See, e.g., Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal.  *Id.*

19.     Plaintiff seeks attorneys' fees for his claim under the California Labor Code, which alone would exceed the jurisdictional minimum.  Adams Decl., Exh. A, Compl., ¶ 33, Prayer for Relief (4).

20.     The amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332. Plaintiff's annual earnings from his employment with DNV exceed the jurisdictional amount of $75,000. Plaintiff's Complaint seeks recovery of "compensatory damages, including, but not limited to, lost back pay, plus interest, lost fringe benefits, and future lost earnings and fringe benefits, damages for emotional distress and pain and suffering, with legal interest." Adams Decl., Exh. A, Compl., Prayer for Relief (1). Plaintiff's Complaint seeks recovery of punitive and exemplary damages. Adams Decl., Exh. A, Compl., Prayer for Relief (2).

21.     Plaintiff's Complaint seeks recovery of "civil penalties not exceeding ten thousand dollars ($10,000) for each violation under California Labor Code section 1102.5(f)." Adams Decl., Exh. A, Compl., Prayer for Relief (3). Plaintiff's Complaint seeks attorneys' fees and costs for his claims under the California Labor Code, which alone would exceed the jurisdictional minimum. Adams Decl., Exh. A, Compl., ¶ 33, Prayer for Relief (4).

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441        6.        CASE NO. TBD

22.     In summary, although DNV does not in any way concede Plaintiff's claims have merit nor the actual amount recoverable, when the relief sought by Plaintiff is taken as a whole, the amount in controversy more likely than not exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs, confirming this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

23.     For these reasons, the State Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which may be removed by DVN to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## V.     VENUE

24.     Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1391, 1441(a) and 1446.  This action was originally brought in the Superior Court of the State of California, County of Yolo.  Actions arising in Yolo County are commenced in the Sacramento Division of the Eastern District because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(b), 1391(a), 1441(a), and 1446.

## VII.    NOTICE OF REMOVAL TO STATE COURT AND PLAINTIFF

25.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Kyung M. Finley, of the Finley Employment Law. Adams Decl., ¶ 6. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Yolo, as required under 28 U.S.C. § 1446(d). *Id*.

26.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Yolo, to the United States District Court for the Eastern District of California.

///

///

///

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441          7.                    CASE NO. TBD

Dated:  September 14, 2023                    LITTLER MENDELSON, P.C.


                                             /s/ John H. Adams, Jr.
                                             John H. Adams, Jr.
                                             Fay K. Saechao

                                             Attorneys for Defendant
                                             DNV ENERGY USA, INC.


4869-9283-4650.2 / 064072-1155

LITTLER MENDELSON, P.C.
Attorneys at Law
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

NOTICE OF REMOVAL TO FEDERAL
COURT UNDER 28 U.S.C. SECTION 1441          8.                    CASE NO. TBD